# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD PATTERSON, | 1:11-cv-01552-GSA-PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 (Doc. 10.) |
| v. | |
| T. E. SMITH, et al., | |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g) |
| | ORDER DIRECTING CLERK TO CLOSE CASE |
| _____/ | |

## I.    RELEVANT PROCEDURAL HISTORY

Ronald Patterson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 14, 2011.  (Doc. 1.)  On September 22, 2011, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance.  (Doc. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

The Court screened the Complaint pursuant to 28 U.S.C. 1915A and entered an order on December  15, 2011, dismissing the Complaint for failure to state a claim, with leave to amend.

1  (Doc. 9.) On January 9, 2012, Plaintiff filed an Amended Complaint, which is now before the Court

2  for screening.  (Doc. 10.)

3  **II.   SCREENING REQUIREMENT**

4      The court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

10  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

11  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

12      A complaint must only contain "a short and plain statement of the claim showing that the

13  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

14  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

15  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell

16  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set

17  forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.

18  While factual allegations are accepted as true, legal conclusions are not.  Id. at 1949.

19  **III.   PLAINTIFF'S ALLEGATIONS AND CLAIMS**

20      Plaintiff is presently incarcerated at the Deuel Vocational Institution in Tracy, California.

21  The events at issue in this action allegedly occurred at Avenal State Prison ("ASP") in Avenal,

22  California and California State Prison-Solano ("SOL") in Soledad, California.  Plaintiff names as

23  defendants Lieutenant T. E. Smith (ASP), Sergeant S. Vryhof (ASP), Captain A. Lloran (ASP), D.

24  Mantel (Warden, ASP), and Lieutenant J. Lee (SOL) ("Defendants").

25      Plaintiff alleges as follows in the Amended Complaint.  On August 15, 2009, a disturbance

26  occurred between Black and Hispanic inmates at ASP.  Plaintiff was falsely accused of participation,

27  issued a lock-up order, and placed in Administrative Segregation (Ad-Seg).  The defendants failed

28  to conduct a proper investigation before issuing a Rules Violation Report against him.  Plaintiff was

1   moved to SOL. Plaintiff was charged, and on October 2, 2009, was found guilty of participation in

2   a riot, and assessed a 4 month Security Housing Unit (SHU) term.  Plaintiff appealed the guilty

3   finding, and the disciplinary charge was re-heard, with a finding of not guilty.

4        Plaintiff alleges that as a result of this process, he was moved farther away from family and

5   friends, and also lost items of personal property.  Plaintiff also lost his prison job.

6        To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under

7   color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

8   law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person 'subjects'

9   another to the deprivation of a constitutional right, within the meaning of section 1983, if he does

10   an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is

11   legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy,

12   588 F.2d 740, 743 (9th Cir. 1978).  "The requisite causal connection can be established not only by

13   some kind of direct, personal participation in the deprivation, but also by setting in motion a series

14   of acts by others which the actors knows or reasonably should know would cause others to inflict

15   the constitutional injury." Johnson at 743-44).

16      **A.**    **Due Process Claim**

17        The Due Process Clause protects prisoners from being deprived of liberty without due

18   process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to sate a cause of action

19   for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for

20   which the protection is sought.  "States may under certain circumstances create liberty interests

21   which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

22   Liberty interests created by state law are generally limited to freedom from restraint which "imposes

23   atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

24   Id. at 484.

25        "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply

26   of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556.  With respect

27   to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1)

28   written notice of the charges; (2) at least 24 hours between the time the prisoner receives written

notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. Confrontation and cross examination are not generally required. Id. at 567. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

### *Disciplinary Hearing*

Plaintiff alleges no facts indicating that he was deprived of due process at his disciplinary hearing. That Plaintiff's conviction was reversed does not subject the hearing officer to liability.

### *Transfer*

Regarding any claim that Plaintiff was transferred to a facility away from his family as a result of his disciplinary process, prisoners have no liberty interest in being housed at a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225-27 (1976); United States v. Brown, 59 F.3d 102, 105 (9th Cir. 1991)(per curiam); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991)(per curiam); Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989). This claim should therefore be dismissed.

### *Property*

A state prisoner has no cause of action under 42 U.S.C. § 1983 for an unauthorized deprivation of property, either intentional or negligent, by a state employee if a meaningful state post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). California law provides an adequate post-deprivation remedy for any property deprivations. Barnett v. Centoni , 31 F.3d 813, 816-817 (9th Cir. 1994); Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Any claim for deprivation of personal property should therefore be dismissed.

### *Prison Job*

Regarding the loss of Plaintiff's prison job, prisoners have no constitutional right to a prison job or educational opportunities. Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985); Baumann v.

1   Arizona Dep't of Corrections, 754 F.2d 841, 846 (9th Cir. 1985); Hoptowit v. Ray, 682 F.2d 1237,

2   1254-55 (9th Cir. 1982).  Prisoners have no protected constitutional right to any work assignment.

3   Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir. 1986), cert. denied 481 U.S. 1069 (1987).

4   This claim should therefore be dismissed.

5           **B.    Eighth Amendment - Conditions of Confinement**

6           Plaintiff claims that defendants imprisoned him under false allegations, with deliberate

7   indifference. The Eighth Amendment protects prisoners from inhumane methods of punishment and

8   from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.

9   2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only

10  those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave

11  to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct.

12  995 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth

13  Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew

14  of and disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511

15  U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The

16  circumstances, nature, and duration of the deprivations are critical in determining whether the

17  conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim.

18  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).  "[R]outine discomfort inherent in the prison

19  setting" does not rise to the level of a constitutional violation.  Id. at 731.

20          Plaintiff's allegations that he was erroneously confined in Ad-Seg and transferred to another

21  prison do not rise to the level of an Eighth Amendment violation.  Moreover, Plaintiff has not

22  alleged that he suffered any injury as a result of Defendants' actions.  Deliberate indifference is

23  shown by "a purposeful act or failure to [act] ... and harm caused by the indifference." Jett v. Penner,

24  439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.

25  1992), overruled on other grounds).  In the event that Plaintiff claims he suffered emotional distress,

26  the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a

27  prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury

28  ///

1  suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  Thus,

2  Plaintiff fails to state an Eighth Amendment claim, and this claim should be dismissed.

3  **C.  Equal Protection**

4  Plaintiff claims that defendants violated his rights to equal protection under the law.  The

5  Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of

6  Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v.

7  Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by

8  showing that Defendants intentionally discriminated against Plaintiff based on his membership in

9  a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03

10  (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles,

11  250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated

12  differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon

13  Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech,

14  528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th

15  Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

16  Plaintiff has not alleged any facts demonstrating that he was intentionally discriminated

17  against on the basis of his membership in a protected class, or that he was intentionally treated

18  differently than other similarly situated inmates without a rational relationship to a legitimate state

19  purpose.  Therefore, Plaintiff fails to state a claim for relief for violation of his right to equal

20  protection, and this claim should be dismissed.

21  **IV.  CONCLUSION AND ORDER**

22  The Court has screened Plaintiff's Amended Complaint and finds that it does not state any

23  claims upon which relief may be granted under section 1983.  In this action, the Court previously

24  granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court.  Plaintiff

25  has now filed two complaints without alleging facts against any of the Defendants which state a

26  cognizable claim under § 1983.  Plaintiff appears incapable of curing the deficiencies outlined above

27  by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. §

28  ///

1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, this action shall be dismissed in its entirety, with prejudice, for failure to state a claim.

Based on the foregoing, it is HEREBY ORDERED that:

1.    This action is DISMISSED pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), with prejudice, for failure to state a claim upon which relief may be granted under § 1983;

2.    This dismissal is subject to the "three-strikes" provision set forth  in 28 U.S.C. § 1915(g).  <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098 (9th Cir. 2011); and

3.    The Clerk is directed to close this case.


IT IS SO ORDERED.

**Dated:    April 24, 2012**          **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE

7